[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14604
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00549-RDP-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMON EUGENE ODEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 18, 2019)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

A jury found Damon Eugene Oden guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and of possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841.  He appeals his convictions, arguing that the district court erred in denying his motion to suppress because the officers subjected him to a Fourth Amendment seizure without reasonable suspicion of any criminal activity.  We conclude that Oden's initial encounter with law enforcement was consensual and did not implicate the Fourth Amendment and therefore affirm his convictions.  We do so without addressing whether the officers had reasonable articulable suspicion of criminal activity so as to justify his seizure.

We review the denial of a motion to suppress as a mixed question of law and fact; the district court's factual findings are reviewed for clear error while its application of the law is reviewed *de novo*.  *United States v. Gibbs*, 917 F.3d 1289, 1294 (11th Cir. 2019).  All facts are construed in the light most favorable to the prevailing party below.  *Id.*  In deciding whether to affirm the district court's denial of a motion to suppress, we may consider evidence introduced at the hearing on the motion and evidence presented at trial.  *United States v. Villabona-Garnica*, 63 F.3d 1051, 1056 (11th Cir. 1995).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

2

seizures, shall not be violated." U.S. Const. amend. IV. The general rule is that warrantless searches and seizures are *per se* unreasonable. *United States v. Bradley*, 644 F.3d 1213, 1262 (11th Cir. 2011). We have identified "three broad categories of police-citizen encounters for purposes of . . . Fourth Amendment analysis: (1) police-citizen exchanges involving no coercion or detention; (2) brief seizures or investigatory detentions; and (3) full-scale arrests." *United States v. Perez*, 443 F.3d 772, 777 (11th Cir. 2006). The first category encompasses consensual encounters and does not implicate Fourth Amendment scrutiny. *Id.* Officers must have reasonable suspicion of criminal activity to briefly detain a person for an investigatory detention. *United States v. Williams*, 876 F.2d 1521, 1523 (11th Cir. 1989).

"Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." *United States v. Drayton*, 536 U.S. 194, 200 (2002). To determine if an encounter is consensual, the "crucial test is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *Florida v. Bostick*, 501 U.S. 429, 437 (1991).

3

This test presupposes an innocent person.  *Id.* at 438.  Officers may ask questions of an individual even when they do not suspect criminal activity.  *Id.* at 434–35.

> In order for there to be a sufficient restraint on liberty to elevate an interaction between law enforcement and an individual to constitutional dimensions that trigger Fourth Amendment protection, the police must exert a show of authority that communicates to the individual that his liberty is restrained, meaning he is not free to leave.

*United States v. Baker*, 290 F.3d 1276, 1278 (11th Cir. 2002).  Thus, a seizure occurs when, by means of physical force or a show of authority by law enforcement, a reasonable person would have believed that he was not free to leave.  *United States v. Mendenhall*, 446 U.S. 544, 553–54 (1980).

We consider a non-exhaustive list of factors in determining whether police questioning constituted a seizure:

> [W]hether a citizen's path is blocked or impeded; whether identification is retained; the suspect's age, education and intelligence; the length of the suspect's detention and questioning; the number of police officers present; the display of weapons; any physical touching of the suspect, and the language and tone of voice of the police.

*Perez*, 443 F.3d at 778 (quotation marks omitted).  Officers' subjective intent is irrelevant unless conveyed to the defendant.  *Mendenhall*, 446 U.S. at 554 n.6.  "The societal pressure to stop and speak with law enforcement is not a sufficient restraint of liberty to raise the interaction to a level that requires constitutional protection."  *Baker*, 290 F.3d at 1278.

4

Oden's encounter with law enforcement was consensual and did not implicate the Fourth Amendment. Examining the *Perez* factors under the facts most favorable to the prevailing party, the exchange here has substantial indicia of permissible, consensual police questioning. Oden's path as he exited the wooded area was not blocked or impeded, Oden's identification was not taken, he was of suitable age, education, and intelligence, the exchange lasted for two to three minutes, and the officers did not display their weapons, touch Oden, or use coercive language or tone of voice. It is also important to note that Oden was voluntarily approaching the officers. While there were three officers to the one suspect, that factor alone did not transform this consensual encounter into a Fourth Amendment seizure. To the extent that Oden relies on testimony indicating the officers formed a semi-circle around him, other testimony indicates that he had several routes by which to avoid the officers, and a reasonable innocent person would have felt free to leave.

**AFFIRMED.**